NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARRY SEWARD, *et al.*, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

CONSTANCE LUDDEN, *et al.*,

Defendants.

Civil Action No. 24-6295 (ZNQ) (RLS)

OPINION

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon three Motions to Dismiss filed by: (1) the Borough of Paulsboro ("Paulsboro") and Mackenzi Kelly (the "Paulsboro Motion," ECF No. 62[1]); (2) the Township of Hazlet ("Hazlet") and Rachel Hundley (the "Hazlet Motion," ECF No. 63); and (3) the City of Trenton ("Trenton"), Constance Ludden, the Township of Lawrence ("Lawrence"), and Susan E. McCloskey (the "Trenton Lawrence Motion," ECF No. 65[2]). Plaintiffs Dorothy Thompson, Barry Seward, Trude Sherrod-Polan, Karin Knight-Capes,[3] and Kyle Gray (collectively, "Plaintiffs") filed opposition (ECF No. 67)[4], to which Paulsboro and

---

[1] Paulsboro and Kelly rely on their Moving Brief filed on December 18, 2024 (the "Paulsboro Moving Br.," ECF No. 45.)
[2] Trenton, Ludden, Lawrence, and McCloskey rely on their Moving Brief filed on September 12, 2024 (the "Trenton Lawrence Moving Br.," ECF No. 29-1.)
[3] The parties have stipulated to the dismissal of Knight-Capes's claims. *See* ECF No. 44.
[4] Plaintiffs rely on their Opposition Brief filed on January 7, 2025 ("Opp'n Br.," ECF No. 47.)

1

Kelly ("Paulsboro Reply Br.," ECF No. 66) and Trenton, Ludden, Lawrence, and McCloskey ("Trenton Lawrence Reply Br.," ECF No. 68) replied.[5]

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** all three pending Motions to Dismiss.

### I.   BACKGROUND AND PROCEDURAL HISTORY[6]

Plaintiffs filed the Amended Complaint on behalf of all New Jersey real property owners who suffered an alleged uncompensated taking of property value above any property taxes the property owners owed. (Am. Compl. ¶ 63; *see also* Opp'n Br. at 3.) The named Plaintiffs—Dorothy M. Thompson, Bruce Seward, Trude Sherrod-Polan, and Kyle Gray—are property owners who allege that several municipalities failed to compensate them for their properties' "surplus value," i.e., their properties' value that was in excess of the amount of taxes owed by the owners. (Am. Compl. ¶¶ 9–14, 34–38.)

#### A.   NEW JERSEY'S TAX SALE LAW

To facilitate the alleged takings, Defendants Trenton, Hazlet, Paulsboro, and Lawrence (the "Defendant Municipalities") relied on New Jersey's Tax Sale Law ("TSL"), N.J. Stat. Ann. §§ 54:5, *et seq*. (*See* Opp'n Br. at 3.) Under the TSL, a municipal tax officer creates a tax sale certificate based on tax delinquencies, and the officer sells the certificate to a private entity or retains it for the municipality. (*See id.*) After a redemption period, the certificate holder may foreclose on the property. (*Id.*)

---

[5] Hazlet and Hundley did not submit a reply brief in support of the Hazlet Motion.
[6] For the purposes of these motions, the Court assumes as true the facts alleged in the Amended Complaint. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Plaintiffs allege that the Defendant Municipalities "never provide[d] the surplus value to the original property owner—unlike in a regular bank foreclosure, in which the bank must return any surplus equity." (*Id.* (citing Am. Compl. ¶ 43).) Plaintiffs allege that "[m]unicipalities make more money than they otherwise would from collecting taxes when they sell these liens (tax sale certificates)," because "purchasers know New Jersey law entitles them to keep the surplus over and above the back taxes in the event they foreclose on the property." (Am. Compl. ¶ 41.) Because the third-party investor receives a conditional right to the surplus value in the event that the taxpayer is unable to pay the redemption amount within the designated time period, the tax sale certificates are worth more at auction. (*Id.*)

The New Jersey General Assembly acknowledged the unlawfulness of New Jersey's TSL. (*Id.* ¶¶ 48–60.) As such, the General Assembly amended the law, noting that it was not "consistent with the takings clause" of the Constitution. (*Id.*) Despite this, Plaintiffs allege that Defendants continue to deprive property owners of compensation for surplus value. (*See* Opp'n Br. at 4.)

**B.     PROCEDURAL HISTORY**

Plaintiffs filed the Complaint on May 21, 2024. (ECF No. 1.) On August 29, 2024, Plaintiffs filed the Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). (ECF No. 27.) In the Amended Complaint, Plaintiffs allege the following claims: unconstitutional takings without just compensation in violation of the Fifth Amendment as incorporated by the Fourteenth Amendment of United States Constitution (Count I); levy of excessive fines in violation of the Eighth Amendment as incorporated by the Fourteenth Amendment of the United States Constitution (Count II); inverse condemnation (Count III); tortious conversion (Count IV); unjust enrichment (Count V); money had and received (Count VI); takings without just compensation in violation of the New Jersey Constitution (Count VII); and the imposition of excessive fines in violation of the New Jersey Constitution (Count VIII). (Am. Compl. ¶¶ 102–157.)

II.  **SUBJECT MATTER JURISDICTION**

The Court has subject matter jurisdiction over the claims based on federal law under 28 U.S.C. § 1331 and supplemental jurisdiction over the claims based on state under 28 U.S.C. §1367.

III.  **LEGAL STANDARD**

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion under 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, the court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

IV.  **DISCUSSION**

A.  **THE *TYLER* DECISION**

Plaintiffs rely heavily on the U.S. Supreme Court's decision in *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023). In *Tyler*, the county imposed an annual tax on real property and failure to pay was accompanied by interest and penalties, limited title transferring to the state, and—eventually—absolute title to the state with the state able to retain the property for public use

4

or sell it and retain any excess proceeds from the sale. 598 U.S. at 635. The plaintiff purchased a condominium and thereafter failed to pay $2,300 in taxes and accrued $13,000 in interest and penalties. *Id.* The county seized the condominium, sold it for $40,000, and retained the $25,000 surplus. *Id.* The Supreme Court contemplated whether the remaining value in the property was protected from uncompensated appropriation. *Id.* at 638. The Supreme Court concluded that the county possessed the power to sell the condominium and recover unpaid taxes, but the county could not take more than what was owed. *Id.* at 639, 647. As such, the Supreme Court held that the plaintiff plausibly alleged a Takings Clause claim. *Id.*

### B. FORECLOSURE SALES BY PRIVATE PARTIES – HAZLET, TRENTON, AND LAWRENCE

The Hazlet, Trenton, and Lawrence Defendants assert that Plaintiffs' Amended Complaint fails to identify any actionable conduct because the Supreme Court in *Tyler* held that the retaining of surplus funds violated the Fifth Amendment—not the municipality's sale of the tax lien. (Hazlet Moving Br. at 4–5; Trenton Lawrence Moving Br. at 9–11.)

After the Supreme Court's decision in *Tyler*, New Jersey modified the procedure by which a party forecloses tax sale certificates. Now, the State requires that the process includes a sheriff sale and mandates the return of any surplus funds. (*Id.* at 5 (citing Bill A377).) The State did not revoke or abandon municipalities' legal right to sell tax sale certificates to third parties. (*Id.*)

Plaintiffs' takings claims against these Defendants are predicated on a tax sale foreclosure carried out by a private entity. This is entirely distinguishable from the facts at issue in *Tyler* where the foreclosure was carried out by a municipality. *See Stephanatos v. Wayne Twp.*, Civ. No. 12-1793, 2024 WL 1757061, at *3 (D.N.J. Apr. 24, 2024) (citing *Tyler*, 598 U.S. at 635; *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 715 (2010) ("[T]he Takings Clause bars *the State* from taking private property without paying for it.") (emphasis in

5

original)). *See also Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004) ("It is beyond cavil that governmental action is required to trigger the application of [the Takings Clause]; it does not apply to private parties who are not state or governmental actors.").

Here, these Defendants did not violate the Fifth Amendment rights of Plaintiffs whose property was sold to private entities, as these Defendants did not foreclose on their tax liens. (*Id.* at 5–6.) These Defendants instead *sold* the tax sale certificate—a process permitted by law and entirely in accordance with the Supreme Court's ruling in *Tyler*. Thus, the Takings Clause of the United States Constitution does not apply against these municipal defendants.[7] Accordingly, these claims will be DISMISSED WITH PREJUDICE.

### C. FORECLOSURE SALE BY PAULSBORO

Unlike the foreclosure sales discussed in Section IB, *supra*, Plaintiff Gray's property was sold by Paulsboro, not a third party. The Paulsboro Defendants insist that Gray lacks standing because Paulsboro did not receive any surplus tax value from the sale of Gray's property. (Paulsboro Moving. Br. at 3–4.)

Gray's claims against the Paulsboro Defendants mirror those at issue in *Tyler*. Paulsboro foreclosed on Gray's property and sold it for $11,000. (*See* Paulsboro Moving Br. at 3; Ex. A, B.) Gray owed more than $15,000 in taxes and fees. (Am. Compl. ¶ 37.) As in *Tyler*, "the question is what has the owner lost, not what has the taker gained." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710 (1999). At the time Gray's property was foreclosed upon, the property's fair market value was estimated to be $106,508. (Am. Compl. ¶ 37.) Considering the fair market value, Gray alleges he lost more than $90,000 in surplus value. (*Id.*) Thus, like in

---

[7] As Plaintiff Sherrod-Polan's takings claims against Lawrence fail because her property was foreclosed upon by a third-party, this Court need not address whether Sherrod-Polan waived her right to contest or challenge the final judgment of foreclosure by signing an agreement with the foreclosing third-party. (Paulsboro Lawrence Moving Br. at 13–14.)

6

*Tyler*, Gray alleges "a classic pocketbook injury sufficient to give h[im] standing." *Tyler*, 598 U.S. at 636. "At this initial stage of the case, [Gray] need not definitively prove h[is] injury," as he "has plausibly pleaded on the face of h[is] complaint that []he suffered financial harm from [Paulsboro's] action, and that is enough for now." *Id.* at 637. Accordingly, the Court finds that Gray has standing to pursue his claims.

### D. PIPELINE RETROACTIVITY

No party disputes that a property owner facing foreclosure today in connection with a New Jersey tax sale certificate is entitled to the opportunity to recover the surplus value over-and-above the back taxes owed. However, Plaintiffs assert that *Tyler* applies retroactively to all pending cases. Much to the contrary, "New Jersey courts have definitively concluded otherwise." *Kemp v. PRO CAP 4 LLC*, Civ. No. 25-2174, 2025 WL 2753668, at *5 (D.N.J. Sept. 29, 2025).

The New Jersey Tax Sale Law, L. 2024 c. 39 ("TSL") provides that it "shall have no effect on any foreclosure action in which a final judgment has been entered prior to the effective date of this act." Plaintiffs lost their properties in foreclosure years ago. (*See* Opp'n Br. at 3; Am. Compl. ¶¶ 34, 36; Ex. B, C.) As Defendants note, "nothing in Federal or New Jersey case law requires the Court to extend *Tyler* years into the past to capture cases already resolved to finality." (Opp'n Br. at 3.) When the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect *in all cases still open on direct review and* as to all events, regardless of whether such events predate or postdate . . . the rule." *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993) (emphasis added). This Court does not find the United States Supreme Court's inclusion of "and"—in place of "or"—to be a mere coincidence. "And" requires a property owner's case to still be open on direct review for *Tyler* to apply retroactively. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 752 (1995) ("when (1) the Court decides a case and applies the (new) legal rule of that case to the parties

7

before it, then (2) it and other courts must treat that same (new) legal rule as 'retroactive,' applying it, for example, to all pending cases, whether or not those cases involve predecision events."); *Roberto*, 259 N.J. at 441–42 (state trial court vacated final judgment of foreclosure, plaintiff appealed, and appeal was pending when *Tyler* was decided) ("this case is not final; it is still pending"); *Reynoldsville*, 514 U.S. at 758 ("new legal principles, even when applied retroactively, do not apply to cases already closed"); *State v. Knight*, 145 N.J. 233, 249 (1996) (pipeline retroactivity refers to three types of cases: the one in which the rule is announced; those pending, including those "still on direct appeal" from final judgment; and future cases).

Even though the allegations against the Paulsboro Defendants mirror those asserted in *Tyler,* the claims against the Paulsboro Defendants cannot survive. Only one Plaintiff—Gray—sued the Paulsboro Defendants. Gray's foreclosure action became final on June 19, 2019. (*See* Paulsboro Moving Br., Cert. of M. Michael Maley, Esq., Ex. B.) Gray does not allege that the foreclosure of his property is in any way still pending or on appeal. Therefore, pipeline retroactivity cannot apply to Gray's claims against the Paulsboro Defendants. Gray's claims arising under the United States Constitution will therefore be DISMISSED WITH PREJUDICE.

### E. PLAINTIFFS' REMAINING STATE LAW CLAIMS (COUNTS III —VIII)

The Court does not address the parties' disputes as to any of the remaining claims under state law because it concludes that the claims under federal law must be dismissed and it exercises its discretion to decline supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *Burnsworth v. PC Laboratory*, 364 F. App'x. 772, 776 (3d Cir. 2010). Accordingly, the state law claims (Counts III–VIII will be DISMISSED WITHOUT PREJUDICE.

## V. <u>CONCLUSION</u>

For the reasons stated above, the Court will **GRANT** all three Motions to Dismiss (ECF Nos. 62, 63, 65) in their entirety. Counts I and II of the Amended Complaint will be DISMISSED WITH PREJUDICE. Counts III, IV, V, VI, VII, and VIII of the Amended Complaint will be DISMISSED WITHOUT PREJUDICE. An appropriate Order will follow.


Date: December 31, 2025

                                             s/ Zahid N. Quraishi
                                             **ZAHID N. QURAISHI**
                                             **UNITED STATES DISTRICT JUDGE**